## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**EDWARD BOEKER**                                            **CIVIL ACTION NO.**

**VERSUS**

**UNITED PROPERTY &**                                       **22-822-JWD-EWD**
**CASUALTY INSURANCE CO.**

## NOTICE AND ORDER

This is a civil action by Edward Boeker ("Plaintiff") for insurance benefits as the result of damage to Plaintiff's home allegedly caused by Hurricane Ida.[1] On September 2, 2022, Plaintiff filed his Petition for Damages ("Petition") against defendant United Property & Casualty Insurance Company ("United") in the Twenty-Third Judicial District Court for the Parish of Ascension.[2] Plaintiff contends that he purchased a policy of insurance from United, which provides coverage for the damage to his home.[3] Despite that United sent an adjuster and field inspector to Plaintiff's home, and despite that Plaintiff submitted a valid proof of loss, United "either negligently or intentionally failed to fairly and promptly adjust the damages suffered by [Plaintiff], thus breaching the terms of the insurance policy and its obligations to [Plaintiff]."[4] On October 21, 2022, the matter was removed by Family Security Insurance Company ("FSIC"), who contends that it is the correct insurer of Plaintiff's home, not United, and further alleges that this Court has diversity jurisdiction under 28 U.S.C. § 1332.[5] However, as explained below, the Notice of Removal is deficient in its allegations regarding the citizenship of the parties.

---

[1] R. Doc. 1-2, ¶¶ 1-4, 14-16.
[2] R. Doc. 1-2.
[3] R. Doc. 1-2, ¶¶ 3-4.
[4] R. Doc. 1-2, ¶¶ 5-7.
[5] R. Doc. 1, introductory paragraph and ¶¶ 7, 9, 18.

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. The amount in controversy requirement appears likely met, as the public adjuster's estimate of the damages to Plaintiff's home, which was attached to the Notice of Removal, is $332,500, and Plaintiff additionally seeks bad faith penalties and attorney's fees.[6]

The Notice of Removal properly alleges that Plaintiff is a Louisiana citizen.[7] FSIC alleges that it is incorporated in Hawaii and has its principal place of business in Florida.[8] However, FSIC is not currently a named defendant in this suit, and neither the Notice of Removal nor the Petition adequately allege the citizenship of the named insurer defendant, United.

28 U.S.C. § 1441(a) provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the **defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending."[9] In an unpublished opinion, the Fifth Circuit has stated that "[u]nder 28 U.S.C. § 1441(a), only a defendant may remove a civil action from state court to federal court. A non-party, even one that claims to be a real party in interest, lacks the authority to institute removal proceedings."[10] However, some courts in this Circuit have distinguished situations in which a removing party is misnamed (*i.e.*, all parties agree that the removing party is the proper defendant)

---

[6] R. Doc. 1-2, ¶ 12 and R. Doc. 1-5, pp. 2, 9.
[7] R. Doc. 1, ¶¶ 3, 17.
[8] R. Doc. 1, ¶ 18.
[9] Emphasis added.
[10] *De Jongh v. State Farm Lloyds*, 555 Fed. Appx. 435, 437 (5th Cir. 2014) (citations omitted).

and "the Court would not be manufacturing diversity jurisdiction based on inserting defendants into or dismissing them from a case."[11]

To the extent United (*i.e.*, the currently named insurer defendant) is also diverse from Plaintiff, the question of which party is the proper defendant does not affect whether this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (*i.e.*, the *de facto* substitution of FSIC in the place of United – to the extent such substitution would be proper – would not result in the manufacturing of diversity in contravention of *De Jongh*).[12] As United was named as a defendant in this action, FSIC must allege the citizenship of named defendant United so that this Court can determine whether subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332. Accordingly, FSIC will be ordered to file a Motion to Substitute the Notice of Removal with an Amended Notice

---

[11] *Lefort v. Entergy Corp.*, No. 15-1245, 2015 WL 4937906, at *3 (E.D. La. Aug. 18, 2015).

[12] The *De Jongh* court separated the procedural question of whether the removing entity had authority to remove from whether the court had subject matter jurisdiction. *De Jongh*, 555 Fed.Appx. at 438, 39 ("State Farm never properly became a defendant and therefore lacked the authority to remove this action to federal court; moreover, the district court lacked subject matter jurisdiction because each of the proper parties to this action – Jongh, Lloyds, and Johnson – are Texas residents.") and n. 5 ("State Farm contends that, to the extent it erred in improperly removing the case to federal court as a non-party, such error is, at worst, a 'procedural defect' that Jongh waived when she failed to move for remand within thirty days of removal. We disagree. State Farm's removal of this case did not transform it into a party to the case. Thus, even if we overlook the impropriety of State Farm removing, when we analyze the parties to the case for diversity, we find all Texas citizens, such that we lack diversity jurisdiction."). Although the Fifth Circuit has not directly ruled on the question of whether removal by a non-party is a procedural defect that can be waived, it has indicated that such a position is "plausible." *See Wachovia Bank, N.A. v. PICC Prop. & Cas. Co. Ltd.*, 2009 WL 1370914, 328 Fed. Appx. 946, 948 & n. 1 (5th Cir. May 18, 2009) (*per curiam*) (noting that "[i]n this Circuit, any objection to removal that does not involve whether the action could have originally been brought in federal district court is a procedural error that may be waived by a litigant's failure to object to removal within the 30-day period provided in § 1447(c), rather than a lack of subject matter jurisdiction."). At least one district court in this Circuit disagrees that *De Jongh* allows a distinction between the question of subject matter jurisdiction and authority to remove. *See Griffin v. Walmart, Inc.*, No. 18-430, 2018 WL 2389750, at **3-4 (N.D. Tex. May 25, 2018) (relying on *De Jongh*'s "broad language" that a non-party lacks authority to institute removal proceedings and disagreeing that *De Jongh* "addresses the specific circumstance of a court unilaterally allowing the substitution of a diverse defendant in place of a non-diverse one.") (quoting *Richard v. USAA Cas. Ins. Co.*, No. 17-175, 2017 WL 8944429 (M.D. La. Nov. 30, 2017)). The *Griffin* court went on to hold that "under § 1441(a) and *De Jongh*, the analysis stops when a court has determined the removing party is not a defendant; if it is not, it cannot remove even if its citizenship is not being used to manufacture diversity." *Id*. at * 4. Significantly, the Motion to Remand in *Griffin* (which was filed within 30 days after the filing of the notice of removal) was premised on the argument that a non-party had improperly removed the action. The undersigned agrees that pursuant to 28 U.S.C. § 1441(a), only "the defendant or the defendants" have the right to remove; however, the undersigned considers removal by a non-party to be a waivable procedural defect. Here, Plaintiff has not filed a motion to remand and the defect has not been timely raised, *see* 28 U.S.C. § 1447(c). Therefore, this Order is only concerned with the non-waivable issue of whether subject matter jurisdiction exists.

of Removal which adequately alleges the citizenship of the currently named defendant, United. In the alternative, if Plaintiff agrees that FSIC is the correct defendant, Plaintiff shall file a motion for leave to amend his Complaint to substitute FSIC for United as the correct defendant in this matter.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether there is complete diversity of citizenship.[13]

Accordingly,

**IT IS ORDERED that, on or before December 13, 2022,** Family Security Insurance Company shall file a motion for leave to file an amended Notice of Removal that adequately alleges the citizenship of the currently-named insurer defendant United Property & Casualty Insurance Company.

**ALTERNATIVELY,** if Plaintiff Edward Boeker agrees that United Property & Casualty Insurance Company is the correct defendant, then **IT IS ORDERED THAT, on or before December 13, 2022,** Plaintiff shall file a motion for leave to amend his Complaint to substitute Family Security Insurance Company for United Property & Casualty Insurance Company as the correct defendant in this matter.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, November 29, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[13] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").